892 F.2d 1049
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BORLEM S.A.--EMPREEDIMENTOS INDUSTRIAIS and FNV--Veiculos E
Equipamentos, S.A., Plaintiffs/Cross-Petitioners,
v.
The UNITED STATES and U.S. International Trade Commission,
and The Budd Company, Defendants-Petitioners.
 Misc. Nos. 262 to 264.
 United States Court of Appeals, Federal Circuit.
 Oct. 26, 1989.
 
 Before MARKEY, Chief Judge, and FRIEDMAN and BISSELL, Circuit Judges.
 FRIEDMAN, Circuit Judge.
 
 ORDER
 
 1
 The Budd Company (Budd) and the United States International Trade Commission (ITC) each petition for permission to appeal the Court of International Trade's June 29, 1989 order, as amended September 1, 1989 and certified for immediate appeal. Borlem, S.A.--Empreedimentos Industriais and FNV--Veiculos E Equipamentos S.A. (Borlem) submit a conditional cross-petition for permission to appeal in the event the court grants the ITC's and Budd's petitions.
 
 
 2
 Briefly, Budd filed an antidumping petition with the Department of Commerce on behalf of the domestic industry producing tubeless steel disc wheels. The petition alleged that two Brazilian importers, Borlem and FNV, were selling tires at less than fair value (LTFV) prices.
 
 
 3
 Commerce issued an affirmative final LTFV determination. The ITC then determined that the domestic industry was threatened with material injury. Commerce followed with an antidumpting duty order.
 
 
 4
 Borlem and FNV challenged Commerce's final LTFV determination in the Court of International Trade (not this case) and the ITC's threat determination (this case). With regard to the former, Commerce joined Borlem and FNV in requesting a remand to Commerce. The remand resulted in publication of an amended final LTFV determination and amended antidumpting duty order. Budd has challenged Commerce's action in the Court of International Trade.
 
 
 5
 With regard to this case, the Court of International Trade remanded to the ITC for a finding of whether its threat determination should be reconsidered in light of Commerce's amended LTFV determination. The ITC determined that it does not, under these circumstances, have the authority to reconsider its final threat determination. The trial court disagreed and ordered another remand to the ITC to determine whether or not in its discretion it should reconsider its final threat determination. On September 1, 1989, the trial court certified the remand order for immediate appeal stating:
 
 
 6
 The controlling questions of law are: (1) whether or not the International Trade Commission has the authority and power to reconsider its final affirmative threat of injury determination, when directed to do so by this Court pursuant to its remand authority under 28 U.S.C. § 643(c)(1) in light of the International Trade Administration's [Commerce] amended final determination of sales at less than fair value and amended antidumping duty order; and (2) whether or not the exercise of such power or authority of reconsideration on remand by the Commission is discretionary.
 
 
 7
 We agree with the ITC and Borlem that the order involves controlling questions of law, with which there is substantial ground for difference of opinion, and which may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(d)(1). Further, we note that the issues are ones of first impression concerning the statutory limitations on the ITC's reconsideration authority and the trial court's remand authority. Further, the issues are present in other cases presently pending before the Court of International Trade.
 
 
 8
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 9
 (1) The parties' petitions for permission to appeal are granted.
 
 
 10
 (2) The cases are hereby consolidated.